UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FABIAN NINO JR., *et al*, § § Plaintiffs, § VS. § § DEUTSCHE BANK TRUST COMPANY § AMERICAS, § § Defendant. § § § § | CIVIL ACTION NO. 7:18-CV-101 |

# OPINION

The Court now considers Deutsche Bank Trust Company's ("Defendant") motion to dismiss,[1] as well as the response brought by Fabian Nino Jr. and Sandra Nino (collectively "Plaintiffs").[2] After duly considering the record and relevant authorities, the Court **GRANTS** Defendant's dismissal motion as follows.

### I. BACKGROUND

Defendant is the holder of a Promissory Note and Deed of Trust[3] executed by Plaintiffs and secured against Plaintiffs' property.[4] Defendant has attempted to foreclose on said property multiple times. In March of 2009, Defendant obtained, but apparently never executed, an order authorizing foreclosure of Plaintiffs' property.[5] In 2012 Defendant again commenced foreclosure proceedings, but these were later dismissed.[6]

---

[1] Dkt. No. 10.
[2] Dkt. No. 13.
[3] Dkt No. 1-5 p. 2; *see also* Dkt. No. 10-1 (copy of the Deed of Trust, incorporated by reference into Plaintiffs' complaint and noticed by the Court pursuant to Federal Rule of Evidence 201(c)(2)).
[4] Dkt. No. 1-5 p. 2 (the property is legally described as "Lot Forty (40), Basham Subdivision No. 12, Hidalgo County, Texas, according to the amended map or plat thereof in Volume 24, Page 65A, Map Records of Hidalgo County, Texas").
[5] *Id*.
[6] *Id.*

On or about February 2018, Defendant sent Plaintiffs notice that the property would be sold in a foreclosure sale on March 6, 2018.[7] Plaintiffs alleged in their initial complaint that the March 6, 2018 foreclosure sale was invalid because Defendant did not file an action within the year prior to the notice of the foreclosure as required by Texas Rule of Civil Procedure ("Texas Rule") 736.[8] However, in their subsequent response, Plaintiffs acknowledge that on November 7, 2017, Defendant filed an application for an expedited order in state court seeking to foreclose the secured property,[9] and that the state court entered a default order allowing foreclosure on January 2, 2018.[10]

Plaintiffs commenced the present suit on March 5, 2018, one day before the scheduled foreclosure sale.[11] Plaintiffs seek a declaratory judgment under the Texas Declaratory Judgment Act that Defendant is prohibited under Texas Rule 736.11(a) from effectuating the foreclosure sale.[12] Plaintiffs further assert that they "have been allowed to be late on payments, and . . . Defendant by its conduct waived its no-waiver clause by allowing late payments," and thus seem to be bringing a claim under the theory that Defendant waived its right to foreclose by allowing late payments.[13] Plaintiffs additionally seek injunctive relief and attorney's fees.[14]

Defendant removed this case to federal court[15] and subsequently filed the instant motion to dismiss.[16] Plaintiffs responded,[17] and Defendant replied.[18] The Court now turns to its analysis.

---

[7] *Id.*
[8] *Id.*
[9] Dkt. No. 13; *see also* Dkt. No. 10 pp. 2–3; Dkt. No. 10-3 (Cause No. C-4985-17-J in 430th Judicial District of Hidalgo County, Texas, judicially noticed pursuant to Fed. R. Evid. 201 (c)(2)).
[10] Dkt. No. 10 p. 3; *see* Dkt. No. 10-5 (copy of default order, judicially noticed to pursuant Fed. R. Evid. 201 (c)(2)).
[11] *See* Dkt. No. 1-5.
[12] *Id.* pp. 6−7.
[13] *Id.* p. 5.
[14] *Id.* pp. 6–7.
[15] Dkt. No. 1.
[16] Dkt. No. 10.
[17] Dkt. No. 13.
[18] Dkt. No. 14.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[19] Although this does not require extensive detail, the pleading must contain "more than labels and conclusions" and go beyond "a formulaic recitation of the elements."[20] The Court regards all well-pled facts as true; however conclusory allegations are not entitled to the same presumption of truth.[21] These well-pled facts are viewed in the light most favorable to the plaintiff.[22] The Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted, or if the pleading does not assert enough facts to support a plausible claim for relief.[23]

In the case at issue, federal jurisdiction is invoked on the basis of diversity of citizenship,[24] therefore this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[25] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[26]

The general rule is that "in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint."[27] However, a court may permissibly refer to matters of public record, and any document relied on by the plaintiff.[28] Here, Plaintiffs referred to the Deed of

---

[19] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008) (internal quotations omitted).
[20] *See Twombly*, 550 U.S. at 555.
[21] *See id.* at 678–79; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[22] *Id.*
[23] *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.
[24] *See* Dkt. No. 1.
[25] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[26] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[27] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotation marks and citation omitted).
[28] *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'")(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)); *see*

Trust, and indicated the lack of existence of a default action prior to the foreclosure sale.[29] These documents are central to Plaintiffs' claims because this suit alleges that: (1) Defendant did not file an action as required under Texas Rule 736, and (2) Defendant relinquished its rights as stated in the no-waiver clause in the Deed of Trust.[30] As a result, the Court may consider these documents during its analysis of this motion to dismiss.

### III.  ANALYSIS

Defendant argues that Plaintiffs' complaint should be dismissed because Defendant fulfilled the requirements of Texas Rule 736 and thus Plaintiffs are entitled to no relief. Defendant additionally argues that Plaintiffs' claim of waiver does not state an independent cause of action, and that Plaintiffs' requests for injunctive and declaratory relief fail as a matter of law.[31]

Plaintiffs respond by conceding that Defendant filed a cause of action as required under Texas Rule 736.[32] However, Plaintiffs maintain that they are entitled to relief because Defendant waived its right to foreclose by accepting late payments.[33] Plaintiffs additionally allude that leave to amend may be appropriate if the Court finds that additional information is required.[34]

If Plaintiffs were granted leave to amend then the instant dismissal motion would be moot. Accordingly, the Court will first consider Plaintiffs' request for leave to amend and then consider the sufficiency of Plaintiffs' live complaint.

---

*also Williams v. Travelers Ins*. Co., No. 96-20420, 1996 U.S. App. LEXIS 42786, at *4 (5th Cir. Sep. 18, 1996) ("But [the] complaint itself introduces the file as the basis of [the] suit, and a court can properly consider such documents on a motion to dismiss, even when the opposing party actually submits them to the court.");
[29] Dkt. No. 1-5.
[30] *Id*.
[31] *See* Dkt. No. 10.
[32] Dkt. No. 13 pp. 1–2.
[33] *Id.* at p. 2.
[34] *Id.* at p. 11.

A. Leave to Amend

Plaintiffs state in their response to Defendant's dismissal motion, "[i]n the event that the Court concludes that additional specificity is required, Plaintiffs respectfully request that leave to amend br [sic] granted."[35] Plaintiffs themselves provide no specificity as to what exactly they would amend.

On this barebones request, the Court holds that leave to amend should be denied. While Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend when justice so requires, such leave is not required where "the movant 'contend[s] that his pleadings sufficed to state [a] claim' throughout his briefing . . . and 'fail[s] to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies.'"[36]

Here Plaintiffs have argued in support of their live pleading and filed no alternate pleading or provided any indication of what additional facts they would assert if leave to amend were granted. Accordingly, the Court finds that leave to amend should be **DENIED**.

B. Motion to Dismiss

The Court now turns to considering whether Plaintiffs' complaint should be dismissed. Since Plaintiffs concede that Defendant filed a foreclosure action prior to the foreclosure sale in compliance with Texas Rule 736, the Court first examines the sufficiency of Plaintiffs' waiver claim, and then addresses Plaintiffs' requests for declaratory and injunctive relief.

i. **Waiver**

Defendant argues that Plaintiff cannot state a claim based on the allegation that Defendant accepted late payments and thus waived its right to foreclosure, because waiver is not

---

[35] Dkt. No. 13 p. 6.
[36] *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)).

an independent cause of action and because the Deed of Trust contains a non-waiver provision that indicates that the Defendants did not intend to relinquish their right to foreclose by accepting late payments. Plaintiffs maintain that Defendant's acceptance of late payments precludes it from exercising its right to foreclose.

Plaintiffs' argument regarding waiver is meritless. Waiver is not an independent cause of action in Texas.[37] Waiver is "defensive in nature" and operates to prevent the loss of existing rights and not to create liability where it does not otherwise exist.[38] Plaintiffs gloss over this fact and cite no cases in which waiver alone was found to be a claim upon which relief can be granted.[39] Plaintiffs decline to even address this argument in their response.[40]

Even assuming, *arguendo*, that waiver is an independent cause of action, "acceptance of late payments by itself does not constitute a waiver by [the defendant] of its contractual rights with plaintiffs."[41] In order to establish waiver, the conduct of the mortgagor as a whole must be inconsistent with the right to foreclose.[42] The essential element of establishing waiver is clear intent to relinquish the right.[43]

Here Defendant did not act to relinquish its right to foreclose. As an initial matter, the complaint fails to narrate any sort of payment history that might show how and when Plaintiffs made late payments and in what way Defendant responded. Thus, the Court cannot establish any course of dealing that may indicate Defendant relinquished its right to foreclose.

---

[37] *Manriquez v. Wells Fargo Bank, N.A.*, No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538 at *6 (S.D. Tex. Mar. 16, 2017).
[38] *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988).
[39] *See* Dkt. No. 13.
[40] *Id.*
[41] *Cruz v. JPMorgan Chase Bank, N.A.,* No. 7:18-CV-00001, 2018 WL 689610 at *5 (S.D. Tex. Feb 1, 2018) (alteration in original).
[42] *See Watson v. CitiMortgage, Inc.*, No. 12-41009, 2013 WL 2468035 at *2 (5th Cir. June 10, 2013) ("Texas courts have [] made it clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose.").
[43] *Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137 at *7 (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003)).

Additionally, even assuming that Defendant did accept late payments from Plaintiffs, acceptance of late payments is not inconsistent with Defendant maintaining its right to foreclose. The Deed of Trust contains a non-waiver clause which states, in part: "Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy."[44] This expressly indicates that Defendant did not intend to relinquish its rights if it accepted late payments. On the contrary, the inclusion of the non-waiver clause in the Deed of Trust and the fact that the Defendant has pursued multiple foreclosure actions against Plaintiffs suggests intent to preserve this contractual right.[45] Thus, any forbearance on the part of Defendant was discretionary and not indicative of Defendant's intent to waive rights contained in the Deed of Trust.

In sum, Plaintiffs cannot use waiver alone as the basis of their claim against Defendant, and, in any case, failed to show that Defendant waived their right to foreclose. The waiver claim must be **DISMISSED WITH PREJUDICE**.

### ii. Injunctive and Declaratory Relief

Defendant argues that because Plaintiffs' complaint fails to state a claim for which relief can be granted, then Plaintiffs' claims for injunctive and declaratory relief fail as a matter of law.

Defendant is correct. Federal district courts in Texas have denied declaratory requests after determining that the substantive causes of action are meritless.[46] Similarly, the Court cannot provide injunctive relief when Plaintiffs have stated no viable cause of action.[47]

---

[44] Dkt. No. 10-1 p. 6, ¶ 10.
[45] *See Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137 at *5 ("[T]he existence of a non-waiver agreement strongly suggests lack of intent of lienholder to waive rights otherwise held under the contract . . . .").
[46] *See e.g., Wigginton v. Bank of New York Mellon*, No. 3:10–CV–2128–G, 2011 WL 2669071, at *5 (N.D. Tex. July 7, 2011) (declining to consider a request for declaratory relief without a viable cause of action); *Broyles v. Chase Home Fin.*, 3:10-CV-2256-G, 2011 WL 1428904, at *5 (N.D. Tex. Apr. 13, 2011) (denying declaratory judgment request because substantive causes of action dismissed).
[47] *See e.g., Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law a request for injunctive relief is not itself a cause of action but depends on an underlying

As previously explained in this order, Plaintiffs' complaint states no viable claims for relief. Consequently, Plaintiffs' requests for declaratory and injunctive relief are **DISMISSED WITH PREJUDICE**.

### C. Admonishment to Plaintiffs' counsel

The Fifth Circuit has ruled that federal district courts may issue sanctions for filings made in Texas courts under Texas Rule of Civil Procedure 13.[48] To impose sanctions under that rule a court must determine that the pleading was groundless, and that the pleading was brought either in bad faith or for the purpose of harassment.[49]

Here Plaintiffs' complaint is factually and legally baseless. First, Plaintiffs' cause of action under Texas Rule 736 was based on a factual misrepresentation that Defendant had not filed a foreclosure action in state court. Although Plaintiffs state that they were unaware of the foreclosure action at the time of filing because a computer search did not reveal the action,[50] Plaintiffs do not aver in any pleading that they did not receive notice of the action, and Defendant provides a copy of the state court default order which found that Plaintiffs were properly served such notice.[51] Additionally, this complaint was filed one day before the scheduled foreclosure sale. This is a strong indication that this action was brought in bad faith to delay foreclosure.[52] Even assuming an honest mistake, this error would have been less likely with a more diligent initial inquiry. At the very least, Plaintiffs' counsel, Mr. McKinnis, should have asked his *own* clients whether they had received notice of the foreclosure action.

---

cause of action"); *Ashton v. BAC Home Loans Servicing*, L.P., 4:13-CV-810, 2013 WL 3807756, at *7 (S.D. Tex. July 19, 2013) (denying motion for temporary injunction as moot after granting the defendant's motion to dismiss).
[48] *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000).
[49] *Id.*
[50] Dkt. No. 13 p. 1.
[51] *See* Dkt. No. 10-5.
[52] Fed R. Civ. P. 11(b)(1).

Additionally, Plaintiffs' legal claim of waiver is meritless under the law. Mr. McKinnis has previously raised the same meritless waiver argument in this Court in two similar cases, *Manriquez v. Wells Fargo Bank, N.A.* and *Jacobo v. CitiMortgage, Inc.*[53] The waiver claims in both cases were dismissed for the same reasons as those indicated in this order.[54] Despite personal experience and knowledge of controlling precedent Mr. McKinnis again brought this meritless claim. Indeed, Mr. McKinnis essentially used the same sources and arguments, word-for-word in some instances, in responsive court documents.[55] The mere fact that Mr. McKinnis used the same form response that was previously found by this Court to lack merit is evidence that this instant filing was not to the best of Mr. McKinnis' knowledge warranted by existing law. Not only is the claim of waiver without legal merit, it is only supported in the complaint with the barest of conclusory allegations.[56] Again, this indicates that this filing was not made in good faith, but rather to harass Defendant and unnecessarily delay foreclosure.

The Court cautions Mr. McKinnis that filing pleadings without factual and/or legal support in the future will subject counsel to sanctions.

---

[53] *See Jacobo v. CitiMortgage, Inc*. 7:13-CV-512, 2013 WL 6273121 (S.D. Tex. Dec. 3, 2013); *Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137.
[54] *See Jacobo*. 7:13-CV-512, 2013 WL 6273121, Dkt. No. 9, pp. 4−6.; *Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137, Dkt. No. 16, pp. 5−8.
[55] *See Jacobo*. 7:13-CV-512, 2013 WL 6273121, Dkt. No. 5, ¶¶ 9−15.
[56] *See* Dkt. No. 1-5 p. 5. (The only facts asserted in any of Plaintiffs' pleadings supporting a claim of waiver state: "Plaintiffs assert that they have been allowed to be late on payments, and were not instructed prior to the installment payment due date which resulted in acceleration, that late payments would not be accepted. Defendant by its conduct waived its nowaiver clause by allowing late payments.").

## IV. Holding

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**, Plaintiffs' claims are **DISMISSED WITH PREJUDICE**, and this action in its entirety is **DISMISSED**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of June, 2018.

_____
Micaela Alvarez
United States District Judge